ROVNER, ALLEN, ROVNER and SIGMAN
By: Steven L. Rovner, Esquire
Identification No. 67801 Attorney for Plaintiffs
175 Bustleton Pike
Feasterville, PA 19053
(215) 953-2714

| | |
|---|---|
| **Anthony Kokorsky and Diana Kokorsky, h/w**<br>318 A Laurel Avenue<br>Horsham , PA 19044<br>Plaintiffs | United States District Court<br>For the Eastern District of Pennsylvania |
| vs. | Docket No. |
| **PR Global Reservations, LLC,**<br>**d/b/a Palace Resorts, d/b/a The Palace Company**<br>**d/b/a Moon Palace Cancun**<br>8400 NW 33rd St., Ste 100<br>Doral, FL 33122 <u>and</u> | <u>Civil Action</u><br><br>**Complaint and Demand for Trial by Jury** |
| **Palace Holdings, S.A. de C.V., d/b/a**<br>**Moon Palace, d/b/a Moon Palace Cancun,**<br>**d/b/a Moon Palace Nizuc, d/b/a Moon Palace Cancun**<br>8400 NW 33rd St., Ste 100<br>Doral, FL 33122 <u>and</u> | |
| **John Doe A through Z**<br>(Fictitious and Unknown Names)<br>Defendants | |

1. Plaintiffs, Anthony Kokorsky and Diana Kokorsky, by way of Complaint against defendants, aver and state as follows:

<u>**Jurisdiction - Diversity**</u>

2. Plaintiffs, Anthony Kokorsky and Diana Kokorsky, are husband and wife, adult individuals and citizens of the State of Pennsylvania.

3. Defendant, PR Global Reservations, LLC, d/b/a Palace Resorts, d/b/a The Palace Company, d/b/a Moon Palace Cancun, is a corporation or other business entity having a principal place of business in a state other than the Commonwealth of Pennsylvania.

4. Defendant, Palace Holdings S.A. de C.V., d/b/a Moon Palace, d/b/a Moon Palace Cancun, d/b/a Moon Palace Nizuc, is a corporation or other business entity having a principal place of business in a state other than the Commonwealth of Pennsylvania.

5. Defendant, John Doe A through Z, are individuals, corporations, partnerships, or other entities, who owned, operated, had dominion and/or were otherwise responsible for the hotel property located at Carretera Cancun-Chetumal Km 340, Riviera Maya, 77500 Cancun, Q.R., Mexico, including the interior floors, where plaintiff, Anthony Kokorsky, was injured and whose identities are not known to the plaintiff at this time.

6. Plaintiffs invoke the jurisdiction of this Court by way of diversity of citizenship with damages exceeding, exclusive of interest and costs, the sum of Seventy-Five Thousand ($75,000.00) Dollars, pursuant to 28 U.S.C.A. §1332.

**Venue**

7. Plaintiffs assert that the events giving rise to this claim occurred out of the country, and plaintiffs live in the Commonwealth of Pennsylvania where they booked and interacted with defendants and that they are citizens of the district of the United States District Court for the Eastern District of Pennsylvania, and, therefore, venue is properly laid in the within Court pursuant to 28 U.S.C. §1391. Defendants extensively advertise and market their vacation property in the Commonwealth of Pennsylvania.

**First Count**

**Anthony Kokorsky vs. PR Global Reservations, LLC, Palace Holdings, S.A. de C.V., and John Doe A through Z**

8. Plaintiff, Anthony Kokorsky, repeats the allegations set forth in paragraphs one through seven, and incorporates the same herein as if fully set forth at length.

9. On or about November 12, 2024, plaintiff, Anthony Kokorsky, was an invitee and lawfully on defendants' premises located at Carretera Cancun-Chetumal Km 340, Riviera Maya, 77500 Cancun, Q.R., Mexico.

10. At said time and place, plaintiff, Anthony Kokorsky, was walking within said building in an area open to invitees, when, suddenly and without warning, he was caused to slip and fall due to a dangerous condition and/or conditions of the interior floors of said premises, which were wet and slippery, causing plaintiff to suffer injuries.

11. At all times material to this Complaint, defendants, John Doe A through Z, were agents, servants, workmen, employees and/or representatives of defendants, PR Global Reservations, LLC, d/b/a Palace Resorts, d/b/a The Palace Company, d/b/a Moon Palace Cancun, and Palace Holdings S.A. de C.V., d/b/a Moon Palace, d/b/a Moon Palace Cancun, d/b/a Moon Palace Nizuc, and were acting within the course and scope of said employment and/or agency and/or acting for a common purpose or on a joint venture.

12. At all times material to this Complaint, each of the defendants were agents, servants, workmen, employees and/or representatives of each other and were acting within the course and scope of said employment and/or agency and/or was acting for a common purpose or on a joint venture.

13. At all times relevant and material to this Complaint, defendants did act through its agents, servants, workmen, employees and/or representatives, said individuals acting within the course and scope of their employment and/or agency.

14. At all times material and relevant to the Complaint, defendants herein, jointly and/or severally, owned, operated, leased, managed, maintained, controlled and/or had dominion over the premises located at Carretera Cancun-Chetumal Km 340, Riviera Maya, 77500 Cancun, Q.R., Mexico.

15. At all times relevant hereto, one or more of the defendants herein had entered into a contract or agreement with each other and/or with other parties, the specific terms of which are unknown to plaintiff, under which there was an obligation on the part of the aforesaid defendants to inspect, maintain, repair, clean and otherwise be responsible for the aforesaid premises, including the interior floors and walking surfaces, so that same would be safe for use by invitees, including plaintiff.

16. At all times relevant hereto, defendants herein, jointly and/or severally, owed a duty to inspect, maintain, repair and otherwise be responsible for the aforesaid premises, to provide a safe and hazard free environment and otherwise be responsible for the aforesaid premises so that same would be safe for use by invitees and members of the general public, including plaintiff.

17. Defendants herein knew and/or should have known of the said dangerous conditions and the likelihood that same would cause injuries to patrons and invitees lawfully on the aforesaid premises in the absence of adequate safety measures and/or warnings.

18. On or about November 12, 2024, defendants herein, jointly and/or severally, did create the aforesaid dangerous conditions on its premises and/or allowed same to continue to exist thereby causing an unreasonable hazard to persons lawfully on defendants' premises.

19. At all times material hereto, the interior floors of said premises were under the exclusive dominion and control of defendants herein, jointly and/or severally.

20. The circumstances under which plaintiff was injured were such that said injuries to plaintiff could not have occurred on said premises except by defendants' negligence.

21. The aforesaid accident resulted solely from the negligence and carelessness of defendants herein, jointly and/or severally, and in no manner whatsoever to any act or failure to act on the part of plaintiff.

**WHEREFORE**, plaintiff, Anthony Kokorsky, demands judgment against defendants herein, PR Global Reservations, LLC, d/b/a Palace Resorts, d/b/a The Palace Company, d/b/a Moon Palace Cancun, Palace Holdings S.A. de C.V., d/b/a Moon Palace, d/b/a Moon Palace Cancun, d/b/a Moon Palace Nizuc, and/or John Doe A through Z, and/or in the alternative, for compensatory damages, together with costs of suit and attorney fees.

**Second Count**

**Anthony Kokorsky vs. PR Global Reservations, LLC, Palace Holdings, S.A. de C.V., and John Doe A through Z**

22. Plaintiff, Anthony Kokorsky, repeats the allegations set forth in paragraphs one through twenty-one, and incorporates the same herein as if fully set forth at length.

23. The negligence and carelessness of defendants, PR Global reservations, LLC, Palace Holdings, and/or John Doe A through Z, jointly and/or severally, consisted of the following:

(a) failing to inspect, correct or have corrected, repair or protect the premises from dangerous and/or hazardous conditions existing in the area used by invitees and/or the general public on defendants' premises, said conditions existing for a long time prior to the date of the accident;

(b) allowing dangerous conditions to exist which defendants knew or should have known created a dangerous hazard to invitees and/or the general public;

(c) allowing latent and hidden dangerous conditions to exist on defendants' premises;

(d) failure to properly and adequately maintain the premises, in particular, the aforesaid interior floors;

(e) failure to warn invitees and/or the general public of the dangerous, hazardous and unsafe conditions on the premises;

(f) failure to take reasonable precautions against the dangerous, hazardous and unsafe conditions of the premises;

(g) failure to provide a hand rail or guard rail in the area of the dangerous conditions to enable invitees and/or the general public to safely walk on defendants' premises and/or to lessen the impact of a fall resulting from the dangerous conditions of the premises;

(h) failure to provide barricades in the area of the dangerous conditions to prohibit invitees and/or the general public from traversing in the aforesaid area of defendants' premises and/or to reduce the chance of injuries to such persons resulting from the dangerous conditions of the premises, or in the alternative, improperly placing said barricades;

(i) failure to properly and adequately hire and/or instruct the agents, servants, workmen, employees and/or representatives, of defendants herein, as to safe and proper procedures for inspecting, maintaining, cleaning, correcting and repairing dangerous conditions on defendants' premises, including the dangerous conditions which caused plaintiff's injuries;

(j) failure to provide safe conditions for invitees and/or the general public on the premises;

(k) failure to act with due care and regard for the position and safety of others, in particular, plaintiff;

(l) failure to provide and maintain proper supervision of the premises;

(m) failure to provide any signs, banners, or alternative visual warning indicators near or around the hazardous area to alert invitees to the danger;

(n) failure to provide and maintain proper safety precautions at the premises;

(o) failure to furnish a reasonable number and distribution of safety personnel and safety equipment at the premises;

(p) failure to respond in a timely manner to the insecure or dangerous conditions or situations at the premises; and

(q) the negligence and/or carelessness of the agents, servants, workmen, employees and/or representatives, managers or independent contractors of defendants herein, jointly and/or severally, which occurred within the course and scope of employment and/or agency with defendants, PR Global Reservations, LLC, Palace Holdings, and/or John Doe A through Z, jointly and/or severally, is imputed to said defendants and said defendants are liable for same, jointly and/or severally.

**WHEREFORE,** plaintiff, Anthony Kokorsky, demands judgment against defendants herein, PR Global Reservations, LLC, d/b/a Palace Resorts, d/b/a The Palace Company, d/b/a Moon Palace Cancun, Palace Holdings S.A. de C.V., d/b/a Moon Palace, d/b/a Moon Palace Cancun, d/b/a Moon Palace Nizuc, and/or John Doe A through Z, and/or in the alternative, for compensatory damages, together with costs of suit and attorney fees.

**Third Count**

**Anthony Kokorsky vs. PR Global Reservations, LLC, Palace Holdings, S.A. de C.V., and John Doe A through Z**

24. Plaintiff, Anthony Kokorsky, repeats the allegations set forth in paragraphs one through twenty-three, and incorporates the same herein as if fully set forth at length.

25. As the direct and proximate result of this accident, plaintiff, Anthony Kokorsky, has suffered injuries which are or may be serious, inter alia, injuries to his neck, right knee, right shoulder, head, back, and various other ills and injuries.

26. As a further result of this accident, plaintiff, Anthony Kokorsky, has been obligated to receive and undergo medical attention and care for his injuries, and to incur various expenses for said care, and he may be obligated to continue to expend such sums and to incur such expenses for an indefinite period of time in the future.

27. As a further result of this accident, plaintiff has been obligated to receive and undergo reasonable and necessary medical treatment and rehabilitative services for the injuries he has suffered, and to incur various expenses for said treatment and services, and he may incur various reasonable and necessary future medical expenses from the injuries sustained, and defendants are liable for all of same.

28. As a further result of this accident, plaintiff, Anthony Kokorsky, has or may suffer loss of his earnings and impairment of his earning capacity

and power, and may continue to suffer such a loss for an indefinite time in the future.

29. As a further result of this accident, plaintiff, Anthony Kokorsky, has been unable to attend to his daily chores, duties, and occupations, and may be unable to do so for an indefinite time in the future.

30. As a direct result of the accident, plaintiff, Anthony Kokorsky, has and may continue to in the future incur other financial expenses or losses to which he may otherwise be entitled to recover.

31. As a further result of the accident, plaintiff, Anthony Kokorsky, has suffered physical pain, aches, mental anguish, and humiliation, inconveniences, and loss of life's pleasures, and he may continue to suffer the same for an indefinite time in the future.

**WHEREFORE**, plaintiff, Anthony Kokorsky, demands judgment against defendants herein, PR Global Reservations, LLC, d/b/a Palace Resorts, d/b/a The Palace Company, d/b/a Moon Palace Cancun, Palace Holdings S.A. de C.V., d/b/a Moon Palace, d/b/a Moon Palace Cancun, d/b/a Moon Palace Nizuc, and/or John Doe A through Z, and/or in the alternative, for compensatory damages, together with costs of suit and attorney fees.

**Fourth Count**

**Diana Kokorsky vs. PR Global Reservations, LLC, Palace Holdings, S.A. de C.V., and John Doe A through Z**

32. Plaintiff, Diana Kokorsky, repeats the allegations set forth in paragraphs one through thirty-one, and incorporates the same herein as if fully set forth at length.

33. As a result of this accident, plaintiff, Diana Kokorsky, has and may continue to suffer the loss of the services, support and consortium of her spouse, plaintiff, Anthony Kokorsky.

**WHEREFORE**, plaintiff, Diana Kokorsky, demands judgment against defendants herein, PR Global Reservations, LLC, d/b/a Palace Resorts, d/b/a The Palace Company, d/b/a Moon Palace Cancun, LLC, Palace Holdings S.A. de C.V., d/b/a Moon Palace, d/b/a Moon Palace Cancun, d/b/a Moon Palace Nizuc, and/or John Doe A through Z, jointly and/or severally, and/or in the alternative, for compensatory damages, together with costs of suit, and attorney's fees.

**ROVNER, ALLEN, ROVNER and SIGMAN**

Date: November 03, 2026 By______________________________
Steven L. Rovner
Attorney for Plaintiffs

PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES.

**ROVNER, ALLEN, ROVNER and SIGMAN**

Date: November 03, 2026 By______________________________
Steven L. Rovner
Attorney for Plaintiffs